(158 App. Div. 697.)

## In re SALANT.

### SANDLER v. SHEBAR et al.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. ATTORNEY AND CLIENT (§ 189*)—COMPENSATION AND LIEN OF ATTORNEY.

A written retainer, by which a client agreed to pay his attorney 30 per cent. of all moneys realized either by settlement or suit, did not make the attorney the equitable assignee of that much of the client's cause of action, but, under the express provisions of Judiciary Law (Consol. Laws 1909, c. 30) § 475, he had a lien upon his client's cause of action which attached to a judgment and could not be affected by any settlement between the parties.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–411; Dec. Dig. § 189.*]

2. ATTORNEY AND CLIENT (§ 189*)—LIEN OF ATTORNEY.

As between attorney and client, even after judgment the client still retains the right to satisfy a judgment for less than its face, providing he acts fairly and in good faith, and in reasonable apprehension that the defendant might become insolvent, or that the judgment might be reversed on appeal.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–411; Dec. Dig. § 189.*]

3. ATTORNEY AND CLIENT (§ 190*)—COMPENSATION AND LIEN OF ATTORNEY.

In such a case, as between attorney and client, the burden is on the client to justify his action in settling.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

4. ATTORNEY AND CLIENT (§ 190*)—LIEN—ENFORCEMENT.

The summary proceedings for the determination and enforcement of an attorney's lien authorized by Judiciary Law (Consol. Laws 1909, c. 30) § 475, is applicable only to disputes between attorney and client, and, where the attorney sought to enforce his lien against a third party, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

question whether the client acted fairly and in good faith in compromising could not be determined.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

Appeal from Special Term, New York County.

Proceedings against Abraham Shebar and another, by Henry Salant, an attorney, to have an attorney's lien determined and enforced upon the judgment of David Sandler against Abraham Shebar and Henry Klein. From an order vacating the satisfaction of the judgment, defendants appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles L. Meckenberg, of Brooklyn, for appellants.

Henry Salant, of New York City, in pro. per.

SCOTT, J. [1] The respondent was retained by plaintiff to prosecute a claim for commissions against the defendants. Suit was begun and a judgment entered in favor of the plaintiff for $1,264.83, which included $181.85 costs. Respondent was employed under a written retainer by which plaintiff agreed to pay him "thirty per cent. of any and all moneys realized in such proceedings either by way of settlement or suit." The defendants appealed from the judgment, but do not seem to have prosecuted their appeal with much vigor. Some time after the entry of the judgment, plaintiff and defendants came to an agreement to settle the matter by payment of $650 to the plaintiff, of which 30 per cent., or $195, was set apart to be paid to respondent. Thereupon plaintiff executed a satisfaction piece which was duly filed and the judgment satisfied of record. The respondent appears to claim that by virtue of his contract with plaintiff he became, as he expresses it, the "equitable assignee" of so much of the judgment as amounts to his agreed fee. Although this expression is to be found in some of the reported cases, we do not consider that it accurately states the nature of the attorney's interest in the judgment. The language of the statute is that the attorney "has a lien upon his client's cause of action which attaches to a judgment and which cannot be affected by any settlement between the parties." Judiciary Law (Consol. Laws 1909, c. 30) § 475. The respondent's position therefore is that he had a lien upon the judgment which the parties could not destroy by any settlement. The order appealed from was therefore clearly right in so far as it vacated the satisfaction of judgment. A more serious question is presented by that portion of the order appealed from which permits the respondent to issue execution for $506.75. This sum represents not only 30 per cent. of the amount recovered as damages, but also the whole amount of costs included in the judgment. This is considerably more than the attorney would be entitled to under his written retainer, and is attempted to be justified by his statement that in addition to the written retainer he had a verbal agreement as to his right to the costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2, 3] If there was no doubt as to the amount due to the attorney, the order appealed from would find justification in Peri v. N. Y. C. & H. R. R. Co., 152 N. Y. 521, 46 N. E. 849. There is, however, a doubt not only as to the alleged oral agreement as to costs, but also as to the amount due to the attorney under his written retainer. The terms of that agreement were that he should be entitled to a percentage of any and all moneys "realized" in such proceeding either by way of settlement or suit. The amount "realized" here was $650, and if the settlement was fair and honest it would seem that the attorney's recovery ought to be limited to a percentage of that sum. It is claimed by the respondent, and there are expressions to be found in some reported cases to support the claim, that while a party may settle a claim for less than the amount claimed without his attorney's consent before judgment, providing the settlement be fair, yet after judgment the right of the attorney to an agreed percentage of the judgment, if he has an agreement for a percentage, is absolutely fixed, and if the owner of the judgment accepts less than the face thereof, even in good faith and to save a possible loss of all, the attorney is entitled to a lien, based upon the face value of the judgment. We are not prepared to go to that length, but should be disposed to hold that even after judgment the client still retains the right to satisfy a judgment for less than its face, providing he acts fairly and in good faith, and in reasonable apprehension that the defendant might become insolvent or that the judgment might be reversed on appeal. In such a case, however, it would clearly rest upon the client to bear the burden of justifying his action in settling.

[4] In the present case, however, the question does not arise. The form of the retainer to which we have already referred left the amount of the attorney's compensation to be determined by the sum "realized," and if the amount of $650, which was the amount realized, was fairly arrived at, it is that sum on which the attorney's fee must be estimated. This question cannot be summarily determined as between the attorney and the defendants who were not his clients. The summary proceeding authorized by section 475 of the Judiciary Law is applicable only to disputes between attorney and client. If the attorney seeks to enforce his lien against a third party, except when the amount due is beyond dispute, he must proceed to foreclose his lien otherwise. Pilkington v. Brooklyn Heights R. Co., 49 App. Div. 22, 63 N. Y. Supp. 211; In re Evan's Will, 58 App. Div. 502, 69 N. Y. Supp. 482; Rochfort v. Met. R. Co., 50 App. Div. 261, 63 N. Y. Supp. 1036.

It follows that the order appealed from must be so far modified as to strike out the provision authorizing the respondent to issue execution for the sum of $506.66, and as so modified affirmed, without costs to either party. All concur.