(93 Misc. Rep. 485)

### DURINGSHOFF v. O. B. COATES & CO.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. ATTORNEY AND CLIENT �köpf192—LIEN—ENFORCEMENT—STATUTE.

   Under Judiciary Law (Consol. Laws, c. 30) §§ 474, 475, in part providing that from the commencement of an action an attorney appearing for a party has a lien upon his client's cause of action attaching to judgment in the client's favor, which cannot be affected by any settlement between the parties, before or after judgment, and that the court on the attorney's petition may determine and enforce the lien, an attorney procuring a judgment in a municipal court has a lien enforceable in the Supreme Court.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. ⊖=192.]

2. COURTS ⊖=189—MUNICIPAL COURTS—SATISFACTION OF JUDGMENT—VACATION—POWER OF MUNICIPAL COURT.

   The Municipal Court, since September 1, 1915, a court of record, has and may exercise over its records the power to vacate a satisfaction of its judgment for plaintiff at the instance of the plaintiff's attorney seeking to enforce his lien against it, even though the judgment was obtained prior to that date.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⊖=189.]

3. ATTORNEY AND CLIENT ⊖=192—LIEN—ENFORCEMENT.

   The summary proceeding authorized by Judiciary Law, § 475, for the enforcement of an attorney's lien upon the judgment, applies only to disputes between attorney and client, and the Municipal Court had no jurisdiction, upon the motion of plaintiff's attorney, to cancel defendant's satisfaction of judgment against him, determine the amount of the lien, and authorize execution against defendant's property; and where there was a doubt as to the amount due the attorney, the good faith of the parties in making the settlement would be a proper subject of inquiry.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. ⊖=192.]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

⊖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Gerard J. Duringshoff against O. B. Coates & Co. From an order canceling the satisfaction of a judgment for plaintiff and permitting an attorney's lien to be enforced by execution against defendant's property, defendant appeals. Modified and affirmed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Grossfield Bros., of New York City (Louis I. Grossfield, of New York City, on the brief, and Morris Grossfield, Jr., of New York City, of counsel), for appellant.

Paul M. Crandell, of New York City, for respondent.

GUY, J. On May 27, 1915, plaintiff obtained judgment in the Municipal Court against the defendant for $159.59, damages and costs. Defendant appealed from the judgment, but pending the appeal, and in September following, the parties agreed to settle the case, and in pursuance of the settlement plaintiff gave defendant a satisfaction of the judgment, which was filed on or about October 22d. At the October term of this court defendant's appeal was on plaintiff's motion dismissed, with $10 costs to the respondent, for failure to prosecute.

Upon the petition of plaintiff's attorney the Municipal Court, by order dated November 29th, canceled the satisfaction of the judgment, determined the amount of the attorney's lien to be $88.25, with interest from the date of the judgment, and permitted the lien to be enforced by the issuance of an execution against the defendant's property. Defendant appeals.

The proof presented on the motion tended to show that after the petitioner notified defendant's attorneys that he claimed a lien on the judgment "for my fees in this action" the settlement was made. As to the extent of the attorney's lien there is a dispute. He states in the petition that he had an oral agreement with his client for one-half the recovery and the costs, and the plaintiff in an affidavit annexed to the petition swears to the same fact; but according to a statement made over the plaintiff's signature, and given to defendant's attorneys at the time of the settlement, no specific amount was agreed upon as compensation for the attorney. It is undisputed that no money was received by the plaintiff on the settlement. He says that defendant promised him a paying job if he would sign the papers, that the job he got was the selling of flour for the defendant on a commission of 10 cents a barrel, that he succeeded in making only two sales and the job was not a paying one. Defendant claimed that it placed the plaintiff in a job as foreman of a bakery, that he held the position for several days and then gave it up, and that on the faith of the satisfaction piece delivered defendant did not proceed with its appeal from the judgment.

Appellant contends that the attorney has no lien, and that upon the facts presented the court had no jurisdiction upon the motion to cancel the judgment and determine the lien.

[1] In People ex rel. Jaffe v. Fitzpatrick, 35 Misc. Rep. 456, 71 N. Y. Supp. 191, it was assumed that an attorney prosecuting an ac-

tion in the Municipal Court had a lien for costs similar to that allowed in a court of record, but it was decided that the Municipal Court had no power to vacate a satisfaction piece upon which a judgment had been regularly canceled on the docket. In the subsequent case of Tynan v. Mart, 53 Misc. Rep. 49, 103 N. Y. Supp. 1033, it was held that an attorney procuring a judgment in a Municipal Court has a lien enforceable in the Supreme Court, and we concur in the decision that an attorney practicing in the Municipal Court is within the protection of section 66 of the Code of Civil Procedure (Judiciary Law, §§ 474, 475).

Under the statute the attorney, irrespective of whether the defendant had notice, had a "lien" upon his client's cause of action, which attached to the judgment and could not be defeated by any settlement between the parties; so that if the court had the power to set aside the satisfaction of the judgment the power was properly exercised. Matter of Salant, 158 App. Div. 697, 143 N. Y. Supp. 870, affirmed 210 N. Y. 622, 104 N. E. 1140.

[2] Since September 1, 1915, the Municipal Court has been a court of record, and the objection stated in the Jaffe Case, supra, to that court vacating a satisfaction of its judgment, has thus been obviated, for there appears no reason why under the circumstances that court, in common with other courts of record, should not have and exercise over its records the power in that regard invoked by the petitioner, even though the judgment had been obtained prior to September 1st. Matter of Regan, 167 N. Y. 338, 60 N. E. 658; Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189.

[3] But the court had no jurisdiction upon the motion, as against the defendant, to determine the extent of the lien and authorize the issuance of execution for $88.25. The summary proceeding authorized by the Judiciary Law is applicable only to disputes between attorney and client, and even in the Supreme Court, if an attorney seeks to enforce his lien against a third party, except in a case where there is no doubt as to the amount due, he must proceed to foreclose his claim otherwise. Matter of Salant, supra. As indicated in the opinion of the Appellate Division in the case cited (158 App. Div. at page 699, 143 N. Y. Supp. 870), even where an attorney by agreement with his client is clearly entitled to a definite part of the judgment recovered, a settlement made by the client in good faith and in reasonable apprehension that the defendant might become insolvent, or that the judgment might be reversed on appeal, while it cannot destroy the attorney's lien, may effect a reduction in his compensation.

In the present case, as already pointed out, there is a doubt as to the amount due the petitioner, and the good faith of the parties in making the settlement may also be a proper subject of inquiry.

It follows that the order appealed from must be modified, by striking out the provisions determining that the attorney has a lien for $88.25, with interest, and authorizing the issuance of execution for that amount, and, as so modified, affirmed, without costs to either party. All concur.