(95 Misc. Rep. 506)

### MITCHELL v. SECURITY BANK OF NEW YORK.

(Municipal Court of City of New York, Borough of Manhattan, First District. May 11, 1916.)

COURTS ⬤══189(15)—MUNICIPAL COURTS—JUDGMENT—AMENDMENT.

Under Municipal Court Code (Laws 1915, c. 279) § 93, subd. 2, providing that at any stage of the cause the court must allow amendment of any judgment, if substantial justice will be promoted thereby, and as a condition thereof may impose such terms as may be just, the Municipal Court of the City of New York has power to amend a judgment in accordance with the correct calculation of the interest.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⬤══189(15).]

Action by Samuel Mitchell against the Security Bank of New York. On application by plaintiff to amend the judgment in his favor in accordance with the correct calculation of interest. Application granted.

See, also, 85 Misc. Rep. 360, 147 N. Y. Supp. 470.

Hirschman & Drucker, of New York City, for plaintiff.
I. Gainsburg, of New York City, for defendant.

LAUER, J. Judgment was entered herein for a sum which was supposed to include the correct amount of interest. Proof of the amount of interest was given by the attorney. It now appears that the amount of interest as calculated was incorrect, and this application is made to correct the judgment in accordance with the correct calculation of the interest.

It seems to me the power to make the correction is adequate. Under section 93, subdivision 2, Mun. Ct. Code, it is provided that:

"At any stage of the cause the court must allow amendment of any * * * judgment, * * * if substantial justice will be promoted thereby; and as a condition thereof may impose such terms as may be just."

The defendant objects to the granting of the amendment, and cites in support of its position the case of Vitale v. Gants (Sup.) 123 N. Y. Supp. 45. This case is authority for the proposition that no modification of a judgment respecting a matter of substance may be made. The opinion recognizes that to correct a clerical error, and I would place in a similar category a miscalculation of interest, an amendment may be allowed. The authority upon which the decision of Vitale v. Gants is based is that of Heath v. N. Y. B. L. B. Co., 146 N. Y. 263,

---

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

40 N. E. 770, which distinctly recognizes the power of a court of record to correct mistakes, so long as no substantial rights of the parties are affected. In the present case I can see no substantial right of the defendant which will be impaired by the correction of the judgment to include the proper amount of interest.

In a recent decision of the Appellate Term of this Department in the case of Duringshoff v. O. B. Coates & Co., 93 Misc. Rep. 485, 487, 157 N. Y. Supp. 230–232, the control of this court over its records and judgments is expressly recognized. In the opinion the court said that:

"Since September 1, 1915, the Municipal Court has been a court of record, and * * * there appears no reason why * * * that court, in common with other courts of record, should not have and exercise over its records the power in that regard invoked by the petitioner."

In that case the power which the court was asked to exercise was to vacate a satisfaction of a judgment. I conclude, therefore, substantial justice will be promoted by the amendment of the judgment sought.

The application is accordingly granted.