## KNIPE v. WHEELEHAN.

(Supreme Court, Appellate Term, First Department. October 17, 1916.)

1. ATTORNEY AND CLIENT ⬥�篁189—LIEN FOR COMPENSATION.

While the cause of action may be settled by the client himself at any time, the attorney nevertheless has a lien against the defendant on the amount recovered.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–411; Dec. Dig. ⬥�篁189.]

2. ATTORNEY AND CLIENT ⬥⟹190(2)—LIEN FOR COMPENSATION—CONTINUING SUIT.

Where the precise nature of the retainer and contingent fee are not disclosed, and there is no allegation of fraud in a settlement by the client, though made without the attorney's knowledge or consent, as his lien protects his interest, there is no ground on which he may be permitted to continue the litigation.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 413–415; Dec. Dig. ⬥⟹190(2).]

3. ATTORNEY AND CLIENT ⬥⟹189—LIEN FOR COMPENSATION—CONTINUING SUIT.

The client's right to settle the action, regardless of any supposed interest of the attorney therein, because of a contingent fee or otherwise, is equally absolute at any stage of the litigation.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–411; Dec. Dig. ⬥⟹189.]

Guy, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Thomas Knipe against Margaret Wheelehan. From an order permitting plaintiff's attorney to continue the action, after mutual settlement by the parties, defendant appeals. Reversed.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Matthew J. Wheelehan, of New York City, for appellant.

Max Greenwald, of New York City (Abraham Rosenstein, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought to recover for personal injuries suffered by plaintiff.

Plaintiff's attorney claims to have been retained on a 50 per cent. contingent fee. On a trial a verdict was rendered for $1,750. Thereafter the presiding justice granted a motion to set it aside and directed a new trial unless plaintiff stipulate to reduce the verdict to $600. The plaintiff did not so stipulate, but appealed from the order. While the appeal was pending, plaintiff and defendant settled the cause of action for $200.

Upon this statement of fact, taken from plaintiff's attorney's affidavit, the order appealed from must be reversed.

[1] It is well settled that the cause of action is the client's, and that he may settle it whenever and for such amount as is satisfactory to him. Andrewes v. Haas, 214 N. Y. 255, 108 N. E. 423. That the attorney has a lien upon the client's recovery which must be recognized by all the world, including, of course, the defendant, is equally well settled. See Peri v. N. Y. Central & H. R. R. Co., 152 N. Y. 521, 46

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

N. E. 849. And in this case the defendant recognized that principle by offering to pay the plaintiff's attorney $100 as soon, he says, as he heard of the latter's claim to have been retained upon a contingent fee.

[2] Whether, under these circumstances, the attorney's claim against either his client or the defendant is for 50 per cent. of the settlement or may be extended to include a quantum meruit for the services theretofore rendered by him we are not called upon to decide, nor would it be possible to do so upon the present record, because I cannot find any allegation in the attorney's affidavit of the precise nature of his retainer. He merely refers parenthetically to "50 per cent. being the expressed compensation arranged with the plaintiff." Nor is it pertinent to consider what might be the rights of the attorney if the settlement were fraudulent in any respect (see Matter of Salant, 158 App. Div. 697, 143 N. Y. Supp. 870, affirmed 210 N. Y. 622, 104 N. E. 1140; Fischer-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 501, 66 N. E. 395), as there is not the slightest intimation in the moving papers that the settlement in the case at bar was not bona fide. True, it seems to have been made without plaintiff's attorney's knowledge or consent; but in that respect his lien fully protects his interests. There is therefore no ground under the decisions for permitting the attorney to continue the litigation.

[3] The respondent seeks to distinguish between an attorney's rights before and after verdict. In the first place, whatever might be said as to a difference in the attorney's status before and after judgment, I do not think that the same arguments can be applied to the case of a mere verdict which has been set aside. But the reasoning of the Court of Appeals in the two important cases in which the relation of the attorney to his client and to the litigation are discussed (Andrewes v. Haas, supra; Matter of Snyder, 190 N. Y. 66, 82 N. E. 742, 14 L. R. A. (N. S.) 1101, 123 Am. St. Rep. 533, 13 Ann. Cas. 441) indicates that the client's right to settle the action, regardless of any supposed interest of the attorney therein because of a contingent fee arrangement or otherwise, is equally absolute at every stage of the litigation. See, also, Matter of Salant, supra, at page 699 of 158 App. Div., 143 N. Y. Supp. 870.

Order reversed, with $10 costs and disbursements.

SHEARN, J., concurs. GUY, J., dissents.