ELLA MAIER, Plaintiff, *v.* THE MAZE REALTY COMPANY, Appellant.

EDWARD H. WILSON, Respondent.

First Department, November 7, 1919.

**Attorney and client — summary proceeding to enforce attorney's lien — remedy as against third person.**

A summary proceeding by petition under section 475 of the Judiciary Law to determine the reasonable value of legal services rendered cannot be maintained against a third party, the proper remedy being a suit in equity.

APPEAL by the defendant, The Maze Realty Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of June, 1919, appointing a referee to determine the reasonable value of the legal services rendered to the plaintiff in this action.

*James J. Mahoney,* for the appellant.

*Edward H. Wilson,* for the respondent.

PHILBIN, J.:

In *Matter of Salant* (158 App. Div. 697; affd., 210 N. Y. 622) it was held that the summary proceeding authorized by section 475 of the Judiciary Law is applicable only to disputes between attorney and client and that if the attorney seeks to enforce his lien against a third party, except when the amount due is beyond dispute, he must proceed to foreclose his lien otherwise. It follows, therefore, that the present summary proceeding by petition under section 475 against the defendant — a third party — cannot be maintained. The proper form of remedy in such circumstances would seem to be an action in equity. That was the method followed in the case of *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.* (173 N. Y. 492).

In *Matter of Reisfeld* (187 App. Div. 223; mod. and affd., 227 N. Y. 137) the point now under consideration was not presented to the court. The serious question there passed upon was whether the attorneys had or had not been discharged by their client.

It also appears in the present proceeding that the client was not given notice of the application.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the petition dismissed, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and petition dismissed, with ten dollars costs.