HERMAN W. HAMILTON, Plaintiff, *v.* CHARLES RAUBER, Defendant.

Supreme Court, Monroe Special Term, June (Received August, 1923).

**Attorney and client — attorney's lien is not cut off by public sale of cause of action.**

Where a plaintiff's cause of action was sold by public sale the lien of his attorney in the action is not cut off unless the attorney has waived it or estopped himself from asserting it, and defendant's motion to discontinue the action will be denied.

MOTION by defendant to discontinue action.

*Merle L. Sheffer,* for motion.

*Forsyth & Forsyth,* opposed.

RODENBECK, J. The plaintiff's attorneys had a statutory lien on Hamilton's cause of action. Jud. Law, § 475, and cases cited; *Matter of Heinsheimer,* 214 N. Y. 361. He could not discontinue the action or compromise it and thus defeat the lien. If it were discontinued without payment to him of anything, they could still prosecute the action to determine their lien. If he made a settlement (*Pilkington* v. *Brooklyn Heights R. R. Co.,* 49 App. Div. 22), the lien would attach to the amount of the settlement and might be asserted against third parties who paid in settlement knowing of the lien. *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492; *Maier* v. *Maze Realty Co.,* 189 App. Div. 339. If a discontinuance or settlement cannot be made and a lien thus defeated, there is no reason why such a result should follow from a public sale. The defendant as to the lien is in the position of one who purchases real property subject to a recorded mortgage. In this instance if the sale was not valid the defendant did not acquire title to the action, but assuming that the sale was valid, it was made subject to the attorneys' lien of which the defendant is presumed to have had knowledge (*Peri* v. *New York Central R. R. Co.,* 152 N. Y. 521), and this knowledge prevents the operation of the doctrine of estoppel. The defendant constructively knowing of the lien, is not in a position to claim that he was misled by the failure of the attorneys to notify him and they were under no legal obligation to advise him that he was buying subject to the lien. Motion denied, with ten dollars costs.

Ordered accordingly.