MAX GREENFIELD and Others, Respondents, *v.* BENJAMIN F. STERN and Another, Doing Business as STERN & GENSER, Appellants.

Supreme Court, Appellate Term, First Department, February 11, 1926.

Judgments — satisfaction — motion for cancellation, on ground that condition and promises made when satisfaction was given have not been performed, denied.

A satisfaction of a judgment will not be canceled on motion on the ground that it was given on a condition which was not fulfilled or on promises which were not performed, for the issues relate to occurrences wholly unconnected with the judgment and wholly outside of the questions litigated and can properly be determined only upon a trial upon appropriate pleadings.

APPEAL by defendants from an order of the Municipal Court, Borough of Manhattan, Second District, vacating the satisfaction of a judgment against them, and also from' an order granting the summary judgment which was thus satisfied.

*Russel H. Kittel* [*Arthur N. Seiff* of counsel], for the appellants.

*Daniel Adelman,* for the respondents.

PER CURIAM. The motion to vacate the satisfaction of the judgment was made by the plaintiff on the claim either that the satisfaction piece had been delivered on a condition which it did not fulfill or upon promises which were not performed.

The question whether the satisfaction should be canceled is one which involves issues that can properly be determined only upon a trial presumably in a court of equity upon appropriate pleadings. The issues relate to occurrences wholly unconnected with the judgment in the action itself and occurring wholly outside of the original litigation and all proceedings had therein.

Respondents cite as an authority for their course our decision in *Duringshoff* v. *Coates & Co.* (93 Misc. 485). In that case we held that the lien of an attorney attaches in the Municipal Court and that if the judgment be satisfied without provision for payment of the attorney's fees the court has jurisdiction to vacate the satisfaction piece. It is to be noted that the attorney's lien is one of which not merely the court in which the service was rendered but the whole world must take notice. (*Peri* v. *N. Y. C. & H. R. R. R. Co.,* 152 N. Y. 521.) Moreover, although the order vacated the satisfaction of the judgment it is quite evident that it was not intended as an adjudication of the respective rights of the judgment creditor, and judgment debtor, but as a vacation of the judgment merely to the extent of protecting the lien of which the court has taken judicial notice. It relates, therefore, wholly to matters occurring within the court for the protection of a right of an officer of the court in the performance of his duties therein and in respect of the judgment to which that right attaches as matter of course. There is no practical analogy between the power thus exercised and the one invoked in the case involved in the present appeal, even assuming that the relief now sought is one that could be granted upon a motion based on mere affidavits.

For this reason we are of opinion that the order must be reversed and the satisfaction reinstated.

The motion for summary judgment was in our opinion properly granted, and the order is affirmed.

Order vacating satisfaction reversed, and satisfaction reinstated and order granting summary judgment affirmed.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.