JESSIE BRINN, Plaintiff, *v.* JAMES H. WOODING, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, September 22, 1937.

*Theodore Nevins*, for the motion.

*Louis E. Cohen*, opposed.

MATTHEWS, J. This is a motion for reargument of a motion made by the defendant on August 20, 1937, to compel the plaintiff herein to execute and deliver a satisfaction of judgment in this action or, in the alternative, to direct the clerk of this court to satisfy the judgment of record.

Upon the argument of this motion before me on August 20, 1937, the defendant appeared by his attorney in support of the motion, and the plaintiff appeared in person in opposition thereto. After consideration I granted the motion to the extent of directing the plaintiff to execute and deliver to the defendant forthwith a satisfaction of the judgment heretofore entered herein on or about the 31st day of December, 1930.

Now, the plaintiff, feeling aggrieved by that decision, instead of appealing therefrom, makes this motion to reargue the aforesaid motion, upon the ground that the court had been misled by the defendant's attorney as to the facts in this case, and upon the further ground that this court has no jurisdiction to entertain this motion.

There are sufficient technical errors in the papers submitted in support of this motion for reargument to justify the court in deny-ing it, but I prefer to dispose of this motion on the merits rather than on technical grounds.

I have not only read the affidavits submitted on this motion, but I have personally examined all the original papers in this action on file in the office of the clerk of this court, also all the entries in the clerk's docket with respect to this action. The record shows that it was brought to recover the sum of $456, which is the balance alleged to be due the plaintiff from the defendant for goods sold and delivered on or about August 16, 1929. Judgment was entered herein on default in favor of the plaintiff and against the defendant on December 31, 1930, for the sum of $513.83. The clerk's docket discloses the fact that no transcript of this judgment has ever been issued. Assuming that no part of this judgment had been paid up to this date (September 22, 1937), the total amount which

the plaintiff would be entitled to receive, including interest on the full amount of the judgment to this date, would be $720.17.

It appears, however, from the papers submitted to me on the original motion, and also on this application for reargument, that the defendant has made payments from time to time since December 31, 1930, which, of course, would reduce the amount of interest to which the plaintiff is entitled because of the successive reductions in the principal amount of the judgment. In her affidavit submitted in support of this motion for reargument, at the top of page 3 thereof, the plaintiff herself concedes the payment of a considerable portion of this judgment, using the following words: " Since the entry of the Judgment, to wit, December 31st, 1930, down to 1934, the Defendant and Judgment-Debtor paid the sum of $384.00, leaving a balance due and owing of $129.83."

So that it is clear, even on the basis of the plaintiff's own statement, that she is not in fact entitled to receive this sum of $720.17, but a considerably lesser sum.

The plaintiff contends — and in the final analysis this is her only serious objection to the granting of the defendant's motion — that this judgment has not been paid in full, and she urges in support of that contention the fact that on or about February 19, 1935, the plaintiff and defendant entered into a stipulation wherein it was agreed that there was then due the plaintiff from the defendant a sum of $130, which said sum the defendant agreed to pay in installments of fifteen dollars per month, and wherein it was further provided that, if the defendant defaulted in the payment of any installment, the plaintiff should have the right to proceed under the original judgment and that her rights should not be in any way prejudiced by the making of this stipulation. She further contends that the defendant did default in making the aforesaid payments under this stipulation; that there is a balance of five dollars due her under the stipulation; and that, because of defendant's default, she is entitled to an additional sum of $154.83, which she alleges is the amount of interest up to August 15, 1937, on the original judgment. If her contention be correct, she is justified in opposing the defendant's motion to compel her to execute and deliver a satisfaction of judgment, and then the motion would have to be denied.

The proof establishes that since the date of the above-mentioned stipulation, to wit, February 19, 1935, the defendant has frequently been late in making these payments due, but the plaintiff has in every instance accepted such payments when made, and has never sought to take advantage of the defendant's default until her present opposition to the defendant's motion to compel her to execute and deliver a satisfaction of judgment.

The defendant's attorney presented to me upon the argument of his original motion on August 20, 1937, stubs for money orders sent to the plaintiff at various times since this judgment was entered, canceled checks made payable to the order of the plaintiff and indorsed by her at various times since this judgment was entered, and also receipts for cash payments made to the plaintiff by the defendant since this judgment was entered, all of which payments had been made by this defendant to the plaintiff on account of the judgment herein. The plaintiff did not claim otherwise, nor did she contend that she had not received any of the payments represented by the above-mentioned receipts. She only asserted that the aggregate amount of these receipts shown to me by the defendant's attorney do not amount to the full amount of this judgment with interest to that date (August 20, 1937). I was satisfied, at the time this motion originally came before me on August 20, 1937, that the defendant had paid this judgment in full and was entitled to a satisfaction thereof. However, since the plaintiff in this application for reargument has insisted that I have been misled by the defendant's attorney, I have again carefully examined all these above-mentioned receipts and have rechecked them, and I find that the defendant has actually paid to the plaintiff the sum of $783, or $62.83 in excess of the gross amount which the plaintiff would have been entitled to receive if no payments on said judgment had been made at any time until this date, viz., September 22, 1937. The proof is conclusive that the defendant has not only paid this judgment with all lawful interest in full, but has actually paid a considerable amount more than the plaintiff is entitled to receive. Consequently, there is no question but that on the merits the defendant is entitled to have the relief asked for and is entitled to have this judgment satisfied of record.

The foregoing disposes of the plaintiff's contention that I have been misled by the defendant's attorney as to the facts in this case, or that I have misconstrued these facts. There is absolutely no merit to this point.

Now we come to a consideration of the other point raised by the plaintiff upon this motion for reargument, viz., that this court has no jurisdiction to grant the relief sought by the defendant. Counsel have not presented to me any authorities with respect to this question, nor have I been able to find any.

If the money had been paid into court, there can be no question but that the clerk of this court would be under a duty to satisfy the judgment of record (Mun. Ct. Code, § 142, subd. 2). In the instant case, however, the money was not paid into court,

but was paid directly to the plaintiff, and the question before me now is whether this court, upon the facts heretofore stated and which, I decide, have been conclusively established, has the power to direct the clerk either to satisfy the judgment of record or to make an entry in his docket to the effect that the judgment has been paid in full.

The statutory enactments dealing with the question of satisfaction of judgment are section 142 of the Municipal Court Code and sections 532 and 538 of the Civil Practice Act. Since this court is a court of record, under the statutory provisions above stated, it is my opinion that this court has the same powers as the Supreme Court with respect to the satisfactions of its own judgments and all docket entries relating thereto.

This court does possess such equitable powers as adhere to all courts since the commencement of the " common law," in addition to such equitable powers as have been specifically granted to it by a statutory enactment.

Since this court had jurisdiction of the action originally instituted to recover a sum of money, which action resulted in the judgment in the case at bar, I hold that it also has the equitable power necessary for the preservation of its jurisdiction and for the prevention of any miscarriage of justice which might be caused by the acts, whether deliberate, willful or otherwise, of any of the parties within its jurisdiction.

In the case at bar the plaintiff has willfully refused, as has been shown to the satisfaction of this court, to satisfy a judgment which has been paid in full. Such a perversion of justice should not be countenanced by the court. It should bend its every effort, and exercise its every power, to prevent any such result and to render the fullest measure of justice to the aggrieved party.

There can be no question but that the Supreme Court in a case properly within its jurisdiction would have the power to direct the satisfaction of judgment under facts similar to those in the instant case. Consequently, pursuant to the statutory enactments above set forth and in the proper performance of its duty, I am constrained to hold that this court has similar power with respect to its own docket. A docket is merely the written record of proceedings, etc., with reference to a case pending in the court for which the docket is kept. If the court be satisfied from proof adduced — and I am so satisfied in the instant case — that a judgment has been paid in full, I can find no reason in law or common sense why the court should not direct the clerk to make an entry to such effect in his docket.

From all the foregoing it follows that this motion to reargue the defendant's motion to compel the plaintiff to execute and deliver a satisfaction of judgment must be granted, and, upon such reargument, the order of this court heretofore made and entered herein on or about the 20th day of August, 1937, is vacated and set aside, and the defendant's motion to compel the plaintiff to execute and deliver a satisfaction of judgment or, in the alternative, to direct the clerk of this court to satisfy this judgment of record, is granted to the extent that the clerk of this court is ordered to make an entry in his docket to the effect that this judgment has been paid in full, the court having seen documentary proof of such payment and being satisfied therewith.

Submit for signature a long form order in accordance with this decision upon two days' notice of settlement.