In the Matter of the Application of JOSEPH J. JACOBS, Petitioner, to Fix His Lien for Services in the Action of MARY H. MAHER, etc., Plaintiff, *v.* NIAGARA CAB COMPANY, INC., Defendant.

Supreme Court, Special Term, New York County, November 9, 1938.

*Joseph J. Jacobs,* for the petitioner.

*Louis J. Resnick,* for the Niagara Cab Company, Inc.

ROSENMAN, J. This is a motion, under section 475 of the Judiciary Law, brought by the attorney for the plaintiff in a personal injury action, to have his lien for services rendered in that action fixed by the court. The action was settled prior to trial by the parties thereto without the knowledge or consent of the moving attorney. The affidavits disclose that the plaintiff is not financially responsible and has apparently left the jurisdiction. The attorney's retainer was for a contingent fee of fifty per cent of any recovery by way of suit or settlement. The undisputed amount of the settlement was $300. The attorney, therefore, asks that his fee be fixed at $150, to be paid by the defendant.

The only objection advanced by the defendant is as to the procedure adopted by the moving party in bringing this motion in the original action. The claim of the defendant is that under section 475 of the Judiciary Law an attorney may proceed by petition or motion in the original action only when the attorney

seeks to fix his lien as against his own client; but that where he seeks to foist liability upon the defendant for his fee, he must commence a separate action in equity against his client and ask for an alternative judgment against the defendant upon a showing of his client's insolvency.

Section 475 of the Judiciary Law, so far as is pertinent to the facts in this case, provides: "From the commencement of an action * * * in any court * * * the attorney who appears for a party has a lien upon his client's cause of action * * * which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

There has not been complete unanimity among the courts as to the procedure to be employed by an attorney who seeks to have his lien fixed against the other party to the action who has settled with his client without his knowledge or consent.

One of the earlier cases was that of *Peri* v. *New York Central R. R. Co.* (152 N. Y. 521 [1897]). That case was an appeal from an order of the Appellate Division which had affirmed an order of Special Term vacating a satisfaction of judgment obtained by the moving attorney's client from a defendant who settled the judgment and action without his attorney's knowledge. The order appealed from directed the sheriff to enforce the judgment to the extent of the lien. The Court of Appeals was first called upon to determine the preliminary objection that the proceeding was " a motion in the action, and that the order entered herein was not appealable to this court." The court said, however: " We are of the opinion that this is a special proceeding and cannot be regarded in any proper sense as a motion in the action. * * * We have here a proceeding by third parties against the defendant upon other issues than those framed in the action and relating to a lien arising out of a state of facts wholly distinct from those passed upon at the trial. This proceeding, which is invoked by the plaintiff's attorney, is in place of an action to set aside the satisfaction of the judgment. * * * It would be an anomaly to hold that a proceeding of this nature is a motion in the action. The motion to dismiss the appeal is denied " (p. 526).

As to the merits, the court said: " The lien operates as security, and if the settlement entered into by the parties is in disregard of it and to the prejudice of plaintiff's attorney, by reason of the insolvency of his client, or for other sufficient cause, the court will

interfere and protect its officer by vacating the satisfaction of judgment and permitting execution to issue for the enforcement of the judgment to the extent of the lien, or by following the proceeds in the hands of third parties, who received them before or after judgment impressed with the lien " (pp. 527, 528). The order was accordingly affirmed.

Thereafter, a different procedure was apparently adopted by the courts to aid an attorney in recovering his fees under circumstances similar to the case at bar. In *Pilkington* v. *Brooklyn Heights R. R. Co.* (49 App. Div. 22 [1900]), for example, the plaintiff's attorney in the negligence action brought against the defendant had a retainer of one-third of the amount received on settlement. The parties to the action did settle the matter between themselves for $2,600, the defendant agreeing " to adjust any claim * * * for any lien upon the cause of action, which the said attorneys may be able lawfully to establish." When the plaintiff's attorney's demand for payment of the amount of his lien was ignored by the defendant, a motion was brought on to determine and establish the amount of the lien and to direct defendant to pay one-third of the sum of $2,600.

The court awarded one-half of the amount of the settlement and ordered the defendant to pay it. Upon appeal, the defendant argued " that there is no power in the court to enforce performance of the agreement by summary order," a contention with which the court agreed. Citing the early case of *Harris* v. *Elliot* (19 App. Div. 60) the court decided that the remedy was to continue the original suit or to sue the defendant independently on the stipulation. The conclusion of the court was that " The order should be modified by reducing the amount of the attorney's lien from $1,300 to $866.66, and by providing that unless that sum and the $10 costs of the motion are paid by the defendant within twenty days, the plaintiff's attorneys have leave to continue the action [apparently the original negligence action] for the enforcement and collection of their lien " (p. 28).

Then followed the case of *Rochfort* v. *Metropolitan Street R. Co.* (50 App. Div. 261 [1900]). In that case the " proceeding was initiated by service on defendant of a petition and notice of motion." There, as here, the case was a negligence action which was settled by defendant's paying plaintiff $260 without the knowledge of the attorney for the plaintiff who had a fifty per cent retainer. The defendant " objected to the payment of any amount on such summary application." Special Term awarded the attorney $130. On appeal the court said that the question was " one of practice, whether as against a defendant who settles with a plaintiff without

the knowledge of his attorney, the latter can in a summary way, by petition, have the amount of his lien determined, or whether he must proceed to enforce it in or by an action " (p. 263).

The court proceeded to discuss the *Pilkington* case (*supra*) and the effect of section 66 of the Code of Civil Procedure (the forerunner to section 475 of the Judiciary Law). The court's conclusion was that that section " does not relate to a defendant, but merely aims at formulating a practice which, as between plaintiff and his attorney, will enable the latter's lien to be determined or enforced by petition and order, instead of by action " (p. 266). The determination was that the defendant was directed to " pay the $130 within twenty days, or in default thereof leave should be given the attorney to prosecute the action [apparently the original negligence action] to enforce his lien."

The method of procedure outlined in the last two cases, viz., the continuation of the original action in spite of its attempted settlement, was later frowned upon by the Court of Appeals. At page 499 in the case of *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.* (173 N. Y. 492 [1903]) VANN, J., said: " This form of relief is clumsy and illogical, because it authorizes the trial of a dead law suit in the interest of one who never owned the claim upon which it was founded. It was a device of the courts, not of the Legislature, and sprang from the necessity of providing some remedy against fraudulent settlements."

In the case last cited an independent action in equity had been commenced by the plaintiff's attorney against the defendant in the personal injuries action to establish his lien and to recover his contingent fee, after a settlement directly between the plaintiff and the defendant. A demurrer to the complaint was overruled and judgment directed for the plaintiff, the court commenting that " The statute is remedial in character, and hence should be construed liberally in aid of the object sought by the Legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action " (p. 499) and that " the remedy provided by the Code by means of a petition is not exclusive, but cumulative " (p. 502).

Irrespective of the comment made in the *Fischer-Hansen* case, a later court determined (since it has not found a simpler method in its determined search for the shortest way to aid the attorney) that " the summary proceeding authorized by section 475 of the Judiciary Law is applicable only to disputes between attorney and client. If the attorney seeks to enforce his lien against a third party, *except when the amount due is beyond dispute,* he must proceed to foreclose his lien otherwise." (*Matter of Salant,* 158 App. Div.

697, 699, 700 [1913]; affd., 210 N. Y. 622.) The italicized words were inserted advisedly, since the court would have adopted this clear, direct and concise procedure but for such dispute. As was said, the sum awarded was " considerably more than the attorney would be entitled to under his written retainer * * *. If there were any doubt as to the amount due to the attorney the order appealed from would find justification in *Peri* v. *N. Y. C. R. R. Co.* (152 N. Y. 521) " (pp. 698, 699).

This view was also adopted in *Duringshoff* v. *Coates & Co.* (93 Misc. 485, 488 [App. Term, 1916]) and *Maier* v. *Maze Realty Co.* (189 App. Div. 339 [1919]). It appears, therefore, that where there is no dispute, " it becomes immaterial whether the proceeding takes the form strictly of an action to enforce a lien or of the simpler petition described by Judiciary Law, section 475." (*Freedman* v. *Kahn*, 172 N. Y. Supp. 98 [App. Term, 1918].) Where there are questions of fact to be determined, however, both parties must be given ample opportunity to adduce their proofs.

In the case at bar the defendant raises only the legal question of procedure; he disputes none of the averments of the moving party's affidavits. Hence the facts are conceded and the method adopted by the moving party is proper.

The moving party relies on a decision of Special Term (*Matter of Jacobs* [*Cecelia* v. *Brainin*], order signed June 18, 1923; affd., 207 App. Div. 805) wherein the court awarded a lien of the attorney against a third party upon motion. In that case, however, the record on appeal and the briefs in the Appellate Division disclose that the question of practice was never raised. Consequently, it would have no effect on the determination herein.

The motion is granted. Settle order fixing the fee at $150.