CARL DAHMEN et al., Landlords, Respondents, *v.* VICTOR GREGORY, Tenant, Appellant, et al., Undertenant.

Supreme Court, Appellate Term, Second Department, April 25, 1945.

*John D. Armstrong* for appellant.

*Nelson Smith Kirk, 2nd,* for respondents.

MEMORANDUM *Per Curiam.* The court was without power to amend the petition in the summary proceedings herein *nunc pro tunc* so as to include therein a statement of a jurisdictional fact. Furthermore, it appears that the final order was entered upon a default in appearance at a time when the tenant was in the military service. Subdivision 1 of section 303 of the Military Law provides as follows: " *Protection against judgment in default, etc.*

" 1. In any action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, the plaintiff, within twenty days before the entry of judgment, shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit, plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that

the plaintiff file a bond, approved by the court, conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this act.''

While the statute refers to any '' action or proceeding commenced in any court '' it speaks only of the entry of judgment upon default in appearance. The omission of any reference to a final order upon like default does not necessarily exclude from the application of the statute proceedings terminable by final order. The statute was designed to provide relief and protection for persons in military service and its provisions are to '' be liberally construed for the accomplishment of this purpose.'' (Military Law, § 300.) The words '' any action or proceeding commenced in any court '' are all-embracing and must be taken to include all types of actions and proceedings. It is the declared policy of the State that persons in military service during this emergent situation are to receive special protection and so far as such persons are concerned there is no reasonable basis for a distinction between an action terminable by final judgment and a proceeding terminable by final order. In a statute such as this it is entirely proper to extend its operation to cases within the intent of the Legislature, though not covered by the exact meaning of its language. (Cf. *Westchester County S.P.C.A.* v. *Mengel,* 266 App. Div. 151, 154, 155.) A fair and reasonable interpretation of the statute as a whole, in the light of its general purposes, indicates that the term *judgment* was not employed in its technical or restrictive sense, but rather was intended as a characterization of the final determination of '' any action or proceeding ''.

The landlord in these summary proceedings omitted to file the required affidavit of military service and failed to secure an order from the court authorizing entry of the final order upon the tenant's default in appearance. Upon his discharge from military service the tenant was entitled to have the final order vacated notwithstanding his failure to show a meritorious defense to the proceedings. Subdivision 4 of section 303, which permits the opening of a default within ninety days of termination of military service where it appears that '' the defendant has a meritorious or legal defense '', presupposes that the final determination was entered upon an order of the court first obtained, and then only after appointment of '' an attorney to

represent defendant and protect his interest * * *." A party may not enter a judgment or final order without regard to the requirements of the statute and then invoke subdivision 4 as a bar to its vacatur. Such practice, if sanctioned, would defeat the very purpose of the statute, which is so plainly designed to afford a person in military service some measure of protection before entry of the judgment or final order.

The appeal from the order denying tenant's motion to open his default should be dismissed, the said order having been superseded by the order on reargument. The order granting reargument and upon reargument denying tenant's motion to open his default, and the order denying his motion to vacate ex parte order should be unanimously reversed upon the law, with $10 costs to the tenant, and motions granted, with $10 costs.

MacCrate, Smith and Steinbrink, JJ., concur.

Ordered accordingly.