JAMES ST. L. O'TOOLE, Landlord, *v.* SUZANNE REMY, INC., Tenant.

Municipal Court of the City of New York, Borough of Manhattan, April 7, 1949.

*Frank Delaney* for landlord.

*Sidney R. Wolgel* and *Aaron B. Coleman* for tenant.

WAHL, J.   A final order in favor of the landlord was made by this court on November 15, 1946, on a petition based on a holding over after the expiration of the tenant's term without the permission of the landlord, and a finding that the landlord desired the premises in good faith for his own and immediate use.   Due to the seeming urgency of the situation, the issuance of the warrant was stayed for a comparatively short time. Thereafter, further stays of the issuance of the warrant to dispossess were had, by agreement of the parties, the last of which was to expire on August 31, 1947.   On August 28, 1947, however, before anything was done to effectuate the final order, the landlord and the tenant entered into a new agreement whereby the same premises in question were leased again to this tenant for a year's term expiring on August 31, 1948.   The landlord demanded, received and accepted the lease rent from the tenant during that period.   Nothing is shown by affidavits of the parties that they considered it other than the resumption of their former relationship.   In fact, by the aforementioned new rental agreement itself, dated August 28, 1947, it was agreed that " in consideration of your entering into the within lease arrangement, and paying to us the September 1947 rent, as well as the July and August, 1948 rent, the order heretofore entered in the Municipal Court of the City of New York, by Judge WAHL is considered null and void and without effect."

After the expiration of that new rental agreement, the landlord again instituted summary proceedings for the recovery of the same premises from the same tenant on a petition dated September 23, 1948, alleging this new agreement, the holding over of the tenant after its expiration and the statutory allegations of the landlord's intention to recover for his own and immediate use in good faith.   On the trial of this second proceeding before this court, which by mere coincidence was also tried before me, doubts were created as to the merits of the landlord's case.   At the conclusion of the landlord's case, decision was reserved on the tenant's motion to dismiss the proceeding, and the matter was adjourned.   On the adjourned date the landlord appeared by another attorney, who stated that he had been retained the day before and sought more time to familiarize himself with the case and requested a reasonable delay.   This application was granted.   On the second adjourned date, February 16, 1949, this attorney for the landlord moved for discontinuance of the proceeding, which was granted, and on the occasion of this discontinuance, no mention whatever

was made by any one of the final order which had been made by me on November 15, 1946. On February 21, 1949, the landlord's attorney procured the issuance of the warrant in question under the final order made in the prior proceeding on November 15, 1946.

The tenant has moved to vacate the final order of November 15, 1946, and the warrant issued thereunder; to restore the second proceeding for consideration of the tenant's motion to dismiss; and, further, that the tenant's motion to dismiss the second proceeding be granted.

There is no question that the final order made in this special proceeding was valid when made, and that thereafter a warrant to dispossess could issue thereunder by force of section 1432 of the Civil Practice Act. The question is raised, however, whether or not this court has jurisdiction to vacate a warrant to dispossess issued under such a final order when circumstances are clearly shown that the parties thereto have acted subsequent to its making in such manner as to render it null and void and without any further legal effect.

A summary proceeding is pending in this court until the warrant to dispossess has been exhausted. (*Whitmarsh* v. *Farnell*, 298 N. Y. 336; *524 East 73rd St. Garage* v. *Pantex Mills*, 274 App. Div. 617.) The Municipal Court is a court of record and has all the powers inherent in courts of record, which includes control over its records and process at any stage of the pendency of the action or proceeding. (*Duringshoff* v. *Coates & Co.*, 93 Misc. 485; see, also, *Schumacher* v. *King's Hamburger, Inc.*, 173 Misc. 238, affd. 259 App. Div. 811.) Within those powers I believe is the quasi-equitable power necessary for the prevention of any miscarriage of justice which might be caused by the acts, willful or otherwise, of any of the parties within its jurisdiction. (*Brinn* v. *Wooding*, 164 Misc. 850; cf. *Whitmarsh* v. *Farnell*, *supra*, wherein the Court of Appeals vacated the final order valid when made but ineffective under the subsequently enacted law, as well as the warrant issued thereunder, on motion of the tenant). This is also part of its statutory powers as set forth in the provisions of subdivision 7 of section 6 of the Municipal Court Code, viz.: " to vacate, amend, correct or modify any process, mandate, judgment, order or final order, in furtherance of justice, for any error in form or substance ". If this is not so, then the law has not outgrown " its primitive formalism " and the rigid and scrupulous regard for conventionality of the common law has not been overcome, even in these days of liberal construction.

Unless the *Whitmarsh* case (*supra*) is held to have abrogated the long-standing rule of law that a judgment once validly made cannot be thereafter disturbed even though the law on which it was based is later overturned, this court is without power to vacate and set aside its final order on November 15, 1946. However, the warrant issued thereunder on February 21, 1949, may be vacated by this court upon all the facts set forth before it in the furtherance of justice under its statutory and inherent powers as a court of record, without doing violence to the statutory prohibitions contained in section 1446 of the Civil Practice Act.

The final order in a summary proceeding is synonymous with a judgment in a civil action. (*Matter of Sember*, 79 N. Y. S. 2d 156; *Dahmen* v. *Gregory*, 184 Misc. 724.) The Municipal Court has power to vacate a satisfaction of judgment filed in an action (*Duringshoff* v. *Coates & Co.*, 93 Misc. 485, *supra*), and also has the power to cancel and discharge of record the judgment entered in its docket when circumstances disclose that a miscarriage of justice will result if such power is not exercised. (*Brinn* v. *Woodring*, 164 Misc. 850, *supra*.) Under all the circumstances of this summary proceeding, this court has the power to direct the cancellation and discharge of record of the final order entered in its docket on November 15, 1946. The parties thereto had made a binding agreement declaring that to be the fact, and all that was necessary to complete the docket record of this proceeding to that effect was the filing of a writing containing that stipulation of the parties with the clerk of this court. The failure or oversight to do so should not prevent any of the parties from moving to that effect even after the warrant had issued, or make it impossible for this court to declare the law to be what is the fact, in the exercise of its statutory and inherent powers to prevent a miscarriage of justice. In the exercise of these powers, this court does not presume to act in accordance with any of the provisions of section 1446 of the Civil Practice Act or to make a new or different determination of its prior disposition, but merely completes the act of the parties themselves by making it part of the court record.

The motion of the tenant is granted to the extent of the vacating and setting aside the warrant to dispossess issued on February 21, 1949, and directing the clerk of this court to cancel and discharge of record the final order made herein on November 15, 1946. In all other respects, the motion is denied.