■ JEFFREY D. WOLFERT, Respondent, v JOHN BUTTOLPH et al., Defendants, and ALLEN WEINSTEIN et al., Appellants. [614 NYS2d 53] —In an action to recover amounts due under a promissory note, the defendants Allen Weinstein, Richard Bailey, and Joseph Weinstein appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated October 15, 1992, as referred the plaintiff's motion to vacate a satisfaction of judgment to a Judicial Hearing Officer to hear and determine.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion is denied.

Where, as here, the question of whether a satisfaction of judgment should be vacated involves issues wholly unrelated to the basis of the action upon which the judgment was entered and occurring outside of the original litigation, those issues are properly raised and determined in a plenary action upon appropriate pleadings *(see, Matter of Village of Greenwood Lake v Mountain Lake Estates,* 189 AD2d 987; *Greenfield v Stern,* 126 Misc 561). Thus the plaintiff's motion to vacate the satisfaction of judgment, brought in the context of the original litigation, should have been denied.

We further note that under the circumstances, a plenary action based upon fraud would be time barred *(see,* CPLR 213 [8]; 203 [g]).

In light of our determination we reach no other issues. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.