EUGENE SENN, Plaintiff, *v.* KATHERINE F. LADD et al., Defendants.

Supreme Court, Monroe County, December 2, 1942.

*Ira H. Morris* for plaintiff.

*Remington, Gifford & Willey* for defendant E. J. Schlitzer Stores, Inc.

*William C. Combs* for defendant Katherine F. Ladd.

WHEELER, J. The defendant, Katherine F. Ladd, is the owner of a building situate in the town of Brighton, Monroe county,

New York, containing several retail stores and known as the Brighton Center Development.

On September 5, 1941, and prior to the completion of the project, the defendant Ladd leased unto plaintiff, Eugene Senn, a store in said building known as Store No. 1. In this lease the tenant covenanted to use the premises exclusively for the sale of hardware, sporting goods, plates and electrical appliances, and the landlord, the defendant Ladd, agreed that she would not rent any other store in the building to any person " whose principal business is the sale of hardware or sporting goods."

Thereafter, and on October 4, 1941, the defendant Ladd leased another store in said building to the defendant, E. J. Schlitzer Stores, Inc., to be used " solely for the purpose of conducting therein a typical ' Firestone Home and Auto Supply Store ' selling tires, automobile accessories, household appliances, toys and such other merchandise as is sold by a store of said type." The lease in no manner restricted the defendant, E. J. Schlitzer Stores, Inc., from conducting as its principal business the sale of hardware or sporting goods.

In this action the plaintiff has offered proof tending to show that the defendant, E. J. Schlitzer Stores, Inc., has been and is now conducting a store whose principal business is the sale of hardware or sporting goods, in violation of the covenant contained in plaintiff's lease. The plaintiff is now seeking injunctive relief against both defendants.

The defendants have offered no evidence, but have chosen to rest upon the theory that, in as much as the defendant, E. J. Schlitzer Stores, Inc., had no knowledge of the restrictive covenant contained in plaintiff's lease until after it had made its lease and entered into possession, it should not now be enjoined regardless of the covenant or the nature of defendant's business.

In order for plaintiff to succeed in this action, it is incumbent upon him to allege and prove that the defendant, E. J. Schlitzer Stores, Inc., took its lease with knowledge of the restrictive covenant. Notice or knowledge of the covenant is the gravamen of the action. (*Waldorf-Astoria Segar Co.* v. *Salomon*, 109 App. Div. 65; affd., 184 N. Y. 584; *Standard Fashion Co.* v. *Siegel-Cooper Co.*, 157 N. Y. 60; *Metzger* v. *Gardencorner, Inc.*, 233 App. Div. 689; *Topol* v. *Smoleroff Development Corp.*, 264 App. Div. 164.)

In the instant case it must be conceded that defendant, E. J. Schlitzer Stores, Inc., did not in fact have notice either actual or constructive of the covenant in plaintiff's lease. The responsibility for any dereliction of legal duty rests wholly upon the

defendant Ladd, the defendant, E. J. Schlitzer Stores, Inc., being in the position of an innocent third party as far as this alleged contractual breach of duty is concerned. The rights of the defendant, E. J. Schlitzer Stores, Inc., were acquired by virtue of its lease, and those rights could not thereafter be limited or curtailed by any subsequent notice, oral or otherwise, given by the plaintiff.

Under these circumstances, the granting of injunctive relief as against the defendant Ladd would result in an injustice to the defendant, E. J. Schlitzer Stores, Inc. It therefore follows that injunctive relief as against both defendants must be denied. This does not leave the plaintiff without an adequate remedy at law against the defendant Ladd. (*Supreme Finance Corp.* v. *Burnee Corp.*, 146 Misc. 374.)

In view of the aforesaid conclusions it is unnecessary to decide here whether the principal business of the defendant, E. J. Schlitzer Stores, Inc., is the sale of hardware or sporting goods.

Defendants are entitled to judgment dismissing plaintiff's complaint, without costs. Appropriate findings and judgment may be submitted. Plaintiff's requests to find, if any, may be submitted within ten days from date hereof.