MAX NUSSBAUM, Plaintiff, *v.* GARSTAFF REALTY Co. INC., et al.,
Defendants.

Supreme Court, Special Term, Bronx County, March 24, 1950.

*Saul I. Radin* for plaintiff.

*Jacob I. Berman* for Jane Ardsley Frocks Inc., defendant.

*Lester M. Friedman* for Garstaff Realty Co. Inc., defendant.

BRISACH, J.   Plaintiff is a tenant at No. 976 Southern Boule-
vard, Bronx, New York.   He brings this action against the
defendant Garstaff Realty Co. Inc. (hereafter called Garstaff)
and a new tenant of another store at No. 968 Southern Boulevard,
Jane Ardsley Frocks Inc., hereinafter called Ardsley, for an
injunction.   Plaintiff seeks to restrain Garstaff from leasing and
Ardsley from selling or offering for sale in its store any and all
ladies' sportswear, blouses, skirts, hosiery, underwear, acces-
sories and general dry goods.

The building in which plaintiff's store is located has nine
stores extending from 968 to 990 Southern Boulevard.   On
July 17, 1944, plaintiff entered into a lease with Garstaff for a
term of two years from September 1, 1944, ending August 31,
1945, at $2,700 per annum, and from September 1, 1945, ending
August 31, 1946, at $3,000 per annum, together with an option
for an additional three-year term commencing with September
1, 1946, and ending August 31, 1949, at an annual rent of $3,600.

The lease on which plaintiff relies for the relief sought herein contains a clause numbered 34-c, which reads as follows: " The landlord hereby agrees that during the term of this lease or any renewal thereof, that he will not lease the vacant stores now forming part of the taxpayer of which the leased store is a part thereof, for any business similar to that conducted by the tenant in the demised premises mentioned in this lease."

The evidence discloses that plaintiff's lease was made when there were two stores vacant, and it was conceded at the trial that the store which is now leased to defendant Ardsley was not one of the stores vacant at the time of making of the lease between plaintiff and defendant Garstaff.

On September 1, 1946, plaintiff did not pay the rent in accordance with the terms of the lease, but paid the original rent of $225 per month plus an additional 15%, making a total of $258.75 per month. On September 1, 1946, the tenant remained in possession, apparently pursuant to paragraph 35-c of the lease, but continued to pay the rent of $258.75 per month, based on the original rent plus the 15% emergency rent allowed under the law, until the end of the term, on August 31, 1949. The tenant is still in possession and still continues to pay the same rent.

The evidence further discloses that the new tenant did not go into possession until September 1, 1949, which was the end of the period provided for in plaintiff's lease, inclusive of the three-year option to the plaintiff under his lease.

In *Wasservogel* v. *Meyerowitz* (300 N. Y. 125, 132) the Court of Appeals held that " A statutory tenant holds over not because he has any property right or estate in the premises, but because emergency laws forbid his evicting ". The plaintiff's occupancy was accordingly under the protection afforded him by the emergency rent laws and not otherwise.

A lease is a contract between a landlord and a tenant for the occupation of real property and contains clauses for the protection of both and terminates upon a definite day agreed upon by all parties. It was optional with the parties to enter into a new agreement or terminate the hiring. Plaintiff not having entered into a new agreement with the landlord on September 1, 1949, remained as a statutory tenant and he is protected from any increase in the rent except as provided in the emergency rent laws.

Under the circumstances disclosed, plaintiff is not entitled to the relief sought herein by him, inasmuch as the lease to the new tenant, Ardsley, did not commence until September 1.

1949, when the plaintiff's lease ordinarily would have expired, and in addition thereto the store rented to Ardsley is not one of the two stores vacant at the time plaintiff first entered into the lease with the defendant Garstaff. It therefore follows that the complaint must be dismissed.

The foregoing constitutes the facts and is the decision of the court. Judgment is accordingly directed for defendants.