GANSVOORT APARTMENTS, INC., Plaintiff, *v.* DAVID DROUTMAN, Defendant.

Supreme Court, Special Term, New York County, November 24, 1950.

*P. P. Gaynor* for plaintiff.

*Bloom & Felcher* for defendant.

EDER, J. Motion of plaintiff for judgment on the pleadings is granted. The court is of opinion and declares that paragraph 30 of the lease is no longer valid, effective and binding upon the parties thereto and is not applicable to the defendant's present occupancy of the space described. This provision reads

as follows: " 30. The landlord agrees that there will be no other apartment in the building leased to a general medical practitioner for professional purposes."

The defendant's lease has expired and he is now in possession and occupancy as a statutory tenant. While his possession and occupancy of the apartment is continued despite the expiration of the term by virtue of the emergency rent laws relative thereto, and while it is held, as a general proposition, that the terms of the expired lease are projected into the statutory tenancy, it projects into such statutory tenancy only the terms thereof as are not inconsistent with the emergency rent laws.

The primary purpose of such laws is to keep the tenant in possession and to continue his occupancy after the expiration of the term demised; the tenant is entitled to continued possession and occupancy, provided, of course, he pays the rent to which the landlord is entitled and otherwise properly conducts himself.

There is nothing in the statute or in the reports leading to the enactment thereof to indicate, or even suggest, in the remotest degree, that the restriction contained in paragraph 30 of the lease should continue after the expiration of the lease, nor is there any judicial fiat, so far as I am aware, that such restriction is projected into the statutory tenancy. Nothing is disclosed that it was intended by statutory declaration or decisional law to penalize the landlord by projecting such restrictive covenant into the statutory tenancy and thereby prevent the landlord from renting an apartment in another portion of the building for a like purpose.

The possession and occupancy of the defendant, as a statutory tenant, continues; his use thereof, despite the expiration of the term, is lawful, and he may not be dispossessed or evicted as a holdover. Thus he had the protection of continued possession and occupancy, which the emergency law had as its primary objective.

Restrictive covenants are not favored and will be strictly construed and will not be extended save where the right is clear and beyond challenge. Where the right to the restriction or its continuance is less than clear and certain, is doubtful, debatable, such covenant will be held unenforcible. This is a well-established rule of law.

It is certainly far from clear and certain that the restrictive covenant here in concern is one projected into the statutory tenancy, and it is certainly doubtful and open to debate; indeed, the conclusion is reached that considering the primary purpose

of the emergency rent laws and the nature of the statutory tenancy, that it was not intended by positive or decisional law to project such a restrictive covenant into the statutory tenancy.

The defendant here, as tenant, has received and is continuing to receive the primary protection which the statute was designed to secure to him, viz., continued possession and occupancy of the apartment though the term of the lease has expired, and neither reason, equity, nor statutory nor judicial construction, require a construction which should include the projection of this covenant into the statutory tenancy.

Motion granted as prayed for. No costs. Settle order.