ADAMO OTTAVINO, Plaintiff, *v.* NUNZIATA AURICCHIO et al., Individually and Doing Business under the Name of ETERNAL MONUMENT STUDIO, et al., Defendants.

Supreme Court, Special Term, Queens County, March 19, 1951.

*Phillips, Mahoney & Spohr* for defendants.
*Isidor Neuwirth* for plaintiff.

DALY, J. Defendants have moved for an order " vacating and setting aside and declaring that * * * [a certain] order for a final injunction is null and void and without legal effect ".

Despite the relief requested in the notice of motion, as noted above, it is clear from the papers before the court that the relief really sought by the defendants is in effect to have the injunctive provisions of a judgment discharged of record on the ground of performance. Such relief may be obtained by motion. (*Haubrich* v. *Haubrich,* 180 Misc. 735, appeal dismissed, 267 App. Div. 872; *Brinn* v. *Wooding,* 164 Misc. 850; 2 Freeman on Judgments [5th ed.], § 1163.)

The facts are as follows. By agreement dated February 18, 1946, the plaintiff and defendants' predecessor in title entered into a five-year lease commencing on February 1, 1946, and terminating on January 31, 1951, whereby the landlord agreed, among other things, " not to lease or rent any of the property * * * to any person or corporation engaged in the stone cutting or monumental stone business *during the term of this lease* ". (Emphasis supplied.) Upon a breach of that restriction by the defendants, plaintiff sought and obtained, after trial of the issues on the merits, a judgment whereby the defendants were " enjoined and restrained from renting or using the following described real property * * * for the purpose of conducting a stone cutting or monumental stone business *during the term of the lease* of the plaintiff ". (Emphasis supplied.) On or about February 23, 1951, defendants obtained a warrant of dispossess against the plaintiff, but execution of that warrant was stayed up to and including May 10, 1951.

Plaintiff contends that by virtue of the stay of execution the injunction against the defendants is and will be in full force and effect until the expiration of that stay. Defendants, on the other hand, contend that compliance with the injunction until January 31, 1951, the date fixed in the lease for its termination, constitutes full performance on their part.

The cases fully support the position adopted by the defendants. In *Wasservogel* v. *Meyerowitz* (300 N. Y. 125) the Court of Appeals held that a so-called " escalator clause " contained in a lease did not carry over into a statutory tenancy, stating (p. 131): " The law reads some terms of an express lease into a later statutory tenancy, so as to work out a complete relationship * * * but it never so carries over, into a statutory tenancy, lease provisions which the parties themselves, in plain words, have agreed should be effective only during the running of the original lease ".

In *Rabinowitz* v. *Williamson* (194 Misc. 17, affd. 275 App. Div. 841, leave to appeal denied, 299 N. Y. 800), it was held that an option of renewal, exercisable during the terms of the lease, was not projected into the statutory tenancy. And in a case which bears strong resemblance to the one at bar, *Nussbaum* v. *Garstaff Realty Co.* (197 Misc. 527), it was held that a landlord would not, after the termination of a lease, be enjoined from leasing a store for the purpose of conducting a business similar to that conducted by the plaintiff, despite the restriction against such a leasing contained in the expired lease. One of the grounds advanced for that determination was that the express limitation of the restriction to the term of the lease prevented its extension beyond that term.

In the case at bar, as already noted, the restriction contained in the lease was expressly limited during its term and the injunction contained in the judgment rendered against the defendants was also so limited. That date, i.e., January 31, 1951, having arrived, the injunctive provisions of the judgment were shorn of all force and effect. The judgment will be marked accordingly.

Settle order.