SAMUEL RAPPAPORT, Plaintiff, *v.* RAYLEN REALTY CORP., Defendant.

Supreme Court, Special Term, Bronx County, September 1, 1953.

*Walsh, Aarons & Salonger* for plaintiff.

*Morris A. Crausman* for defendant.

FRANK, J. This is an action for a temporary and a permanent injunction and an assessment of damages.

The plaintiff, Samuel Rappaport, has been for many years, and now is, a tenant in premises owned by the defendant in which he has conducted a drug store. In February, of this year, the landlord leased another portion of the premises to Burke Avenue Food Market, Inc., for the purpose of conducting a public market. Under the terms of two leases made with the plaintiff, the last of which has now expired, the landlord agreed not to rent any other store in the building for occupancy as a drug store, nor to permit the sale of " drugs, drug sundries or toilet articles and cosmetics ". It is uncontradicted that up to June 4, 1953, the food market did stock and, perforce, sell such items of merchandise,

Although not posed by either side, the first question which arises here appears to be decisive. The tenancy is a statutory one. The first serious question thus presented is whether this restrictive covenant is projected into the occupancy created by law. It has been held that a covenant restricting a landlord against the renting of space to another in the same profession will not be enforced upon the termination of the relationship of landlord and tenant under the lease and the commencement of the relationship imposed by law (*Gansvoort Apts.* v. *Droutman,* 198 Misc. 872).

It has also been determined that covenants restricting the sale of foods by competing tenants will not be enforced after the statutory relationship arises (*Klein* v. *Ernst,* 106 N. Y. S. 2d 897). The theory in these cases is based upon the recognition that the relationship being imposed by law, those matters which were the result of agreement and are not strictly concerned with possession, as distinguished from use, will not be construed to remain in existence. (See *Jacobs* v. *Equitable Life Assur. Soc. of U. S.,* 106 N. Y. S. 2d 951.)

The second problem posed is equally decisive. Burke Avenue Food Market, Inc. was not made a party defendant. The court is supplied with no information or proof to enable it to determine whether the lease with the food market tenant contains a restriction against the sale of merchandise exclusively granted to the plaintiff in its lease. There is no proof that Burke Ave. Food Market, Inc. was aware of this negative covenant, upon which plaintiff relies, but, conversely, on the argument, it was stated by plaintiff's counsel that the lease containing the covenant was never recorded.

The plaintiff now moves, by order to show cause, for a temporary injunction " restraining and enjoining the defendant * * * from allowing the Burke Avenue Food Market, Inc. * * * to sell drugs, drug sundries, toilet articles or cosmetics ". The movant does not seek, and the court could not restrain, Burke Avenue Food Market, Inc. from selling the merchandise in question, absent its inclusion as a party defendant. (*Dixon* v. *Talerico,* 217 App. Div. 191.)

There remains, therefore, the question as to whether a tenant can be awarded a mandatory injunction requiring the landlord to compel another tenant to refrain from violating a negative covenant to which such second tenant is not privy and of which it has no knowledge.

The reports are replete with cases in which injunctions have been granted to enforce restrictive covenants; but they are of

little help here, for in each instance the offending tenant was made a party to the action and had notice of the restrictive covenant. It has been held that where a second tenant had no knowledge or notice of the covenant, neither such tenant nor the landlord would be enjoined (*Senn* v. *Ladd,* 179 Misc. 306; *Metzger* v. *Gardencorner,* 233 App. Div. 689). It appears to this court that an injunction against the tenant herein would be a futile gesture. There is no discernible way in which the landlord could fulfill the mandatory ordering directions sought in this application. If the Burke Avenue Food Market, Inc. cannot be restrained by an order herein, how may the landlord be required to restrain that tenant from doing that which the courts will not prevent it from doing in the first instance.

Equity will not direct the performance of a useless or impossible act (Clark on Principles of Equity, p. 37, n. 3).

Assuming, *arguendo,* that the landlord has violated a restrictive covenant of his agreement with the tenant, the plaintiff is not without relief. He still has his action for damages, as was pointed out in *Senn* v. *Ladd* (*supra*). In the present state of the action, it must be held that the plaintiff has failed to establish his right to the drastic relief which he seeks. The motion is, therefore, denied.