Per Curiam.

The omnibus order appealed from is modified in the following respects: The landlords ’ motion to strike this cause from the jury calendar is granted. The jury waiver provision applies to this proceeding instituted by the landlords to recover possession of the tenant’s space pursuant to section 8 (subd. [gg], par. [1]) of the Business Bent Law (Klipack v. Raymar Novelties, 273 App. Div. 54; Stephenson v. 30 Fifth Ave., 1 A D 2d 469).
Landlords’ motion to strike out the second affirmative defense is granted. In a holdover proceeding brought pursuant to section 8 (subd. [gg], par. [1]) of the Business Bent Law, a statutory tenant cannot interpose as a defense a breach of the restrictive covenant of the original lease and because of said breach aver that the lease offered by the landlords is not substantially similar to the existing tenancy. A restrictive covenant is not projected into a statutory tenancy (Rappaport v. Raylen Realty Corp., 204 Misc. 729; Gansevoort Apts. v. Droutman, 198 Misc. 872; Nussbaum v. Garstoff Realty Co., 197 Misc. 527). All that the statute requires is that the landlords offer the tenant a lease on substantially similar terms and conditions to those under which the statutory tenant then occupies the premises.
*460 Landlords’ motion to strike out items 11 and 13 in tenant’s demand for a bill of particulars is granted as the items requested are irrelevant to the proceeding herein.
In all other respects the order appealed from should be affirmed, without costs.
Concur — Hofstadter, J. P., Hecht and Tilzer, JJ.
Order affirmed, etc.