Arthur E. De Phillips, J.
TMs proceeding is brought to dispossess the tenant pursuant to section 8 (subd. [gg], par. [1]) of the Business Rent Law (added by L. 1956, ch. 735, § 2, eff. April 17, 1956, and amd. by L. 1957, ch. 452, § 5, eff. April 12, 1957).
The facts as stipulated to between the parties in substance are as follows: On or about August 25,1944 the landlord and tenant entered into a lease of the store premises herein for a term of five years, expiring September 30,1949, with an annual minimum rental of $10,000; that the tenant entered into occupation of the premises under said lease and still occupies the premises; that the tenant remained in possession after the expiration of said lease as a statutory tenant; that the landlord, by registered letter dated December 9, 1957, duly addressed to the tenant at 10 Fifth Avenue, New York City, in writing duly offered to enter into a lease with the tenant for a term to commence on the 1st day of the month next succeeding the 20th day after the mailing of such offer, to wit, January 1, 1958 and expiring on June 30, 1958 and forwarded copies of the proffered lease to the tenant; that the tenant failed, neglected and refused to accept and execute such lease within such period of 20 days; that six months have elapsed subsequent to the offer of the aforesaid lease and the aforesaid failure, neglect and refusal of the tenant to enter into such lease; that a statutory 30-day notice, in writing, was duly served by the landlord upon the tenant and that upon the failure of the tenant to remove from the premises pursuant to said notice this proceeding was commenced.
' No stipulation was entered into as to whether or not the offer of a lease to the tenant was upon substantially similar terms. The original 1944 lease and the lease proffered to the tenant were offered in evidence, as well as the statement of facts and *777 a letter from the attorney for the tenant dated December 27, 1957 addressed to the landlord refusing to accept the proposed six months’ lease.
The Contentions of the Parties
The tenant contends that the Business Bent Law section under which the landlord is seeking to recover possession is unconstitutional as contravening the Constitution of the State of New York and the 14th Amendment of the Federal Constitution, providing that no State shall deprive any person of property without due process of law, or deny any person within its jurisdiction equal protection of the laws; and that the section as it reads is confiscatory and sets forth no reasonable standard for compliance, thus making it fatally defective.
The tenant further contends that the proffered lease not being on substantially similar terms and conditions as the existing lease or tenancy, that the proceeding must fail, even though this section of the statute be constitutional.
The landlord contends, of course, that the section of the statute in question is constitutional and that it has complied with this section in that it has offered the tenant a lease on substantially similar terms and conditions as existed with respect to said tenancy, and that the tenant having refused said lease, that a final order should issue herein.
The landlord further contends that the tenant not having offered any testimony in support of any contention that the proffered lease was not on the same substantial terms required by the statute, that the tenant’s contention along this line must fail.
The landlord further contends that the letter in evidence refusing the offer by the tenant gives only one specific ground for refusal of the offer; that being the desire for a long-term lease; that this constituted the only ground of objection to the proffered lease, so that all other objections were hence waived by the tenant and that the tenant is estopped in this proceeding from asserting any other cause of rejection.
The Legislature long ago announced its policy or program to terminate ‘ ‘ Police power laws controlling our real estate economy * * * at the earliest time consistant with the public safety, health and general welfare ”. (N. Y. Legis. Doc., 1949, No. 52, pp. 11,12.)
The Legislature, as the emergency lessened with regard to business and commercial space, has relaxed the laws to allow landlords increased rentals, greater liberty to regain possession *778 and other relief from the Business Bent Law (L. 1945, eh. 314, as amd.) as it was originally adopted.
The instant section which amended that emergency statute was an obvious attempt on the part of the Legislature to further relax controls in favor of the landlord. The Legislature having adopted the Business Bent Law and having taken from the landlords by said Business Bent Law the right, in many instances, to dispossess a tenant, can relax those laws as the emergency decreases and so it has in this particular instance.
The language used is clear and unambiguous. All that this amendment to the statute requires is that the landlord offer a tenant a lease on substantially similar terms and conditions under which the statutory tenant then occupies the premises. (50 Broad St. v. Knobloch, 13 Misc 2d 458.)
There is no reason for interpretation of this section of the statute, its provisions are clear, its requirements set forth. A statute must be read and given effect as written, not as the court or counsel might think it should or would have been written if the Legislature had foreseen the problems or complications which might arise in the course of its administration. (Lawrence Constr. Corp. v. State of New York, 293 N. Y. 634, 639; Matter of Hittl v. Buckhout, 13 Misc 2d 230.)
However, in considering the question of substantial similarity of the terms and conditions as required by this statute, the section as amended must be liberally construed in favor of the tenant in possession when said section became effective. (Blitzkrieg Amusement Corp. v. Rubinstein Bros. Drinks, 184 Misc. 975; Empire State, Inc., v. Graceline Handbags, 192 Misc. 679.)
As was said in the Empire State, Inc., v. Graceline Handbags case (supra, p. 686): “In enumerating the situations in which a landlord might repossess its property, the Legislature employed language which was clear and concise, and if the landlord seeks to take advantage of the prescribed provisions, it should be compelled to comply literally with them or else fail.”
As to the contention of the landlord that the tenant offered no testimony in support of any contention that the proffered lease or the offer of the lease was not on the same substantial terms required by the statute, and that hence tenant’s contention that the proffer of the lease was not on the same substantial terms as required by this statute, could be no defence at this time, the court is of the opinion that such contention must fail for two reasons:
1. That a reading of both leases, that is, the prior lease and the proffered lease can show whether there are substantial differences in the tenancy; and
*779 2. That it is a part of the landlord’s prima facie case to show that the proffered lease or the offer of the lease was on substantially the same terms and conditions as the existing tenancy, since that is a necessary allegation of his petition.
The landlord’s contention that the letter of tenant’s attorney addressed to the landlord wherein the tenant refused the offer of the landlord to enter into a lease and giving only one specific ground for refusing the offer limits the tenant to that one ground of refusal must also fail for the following reasons:
1. That letter constituted a rejection and a counteroffer.
2. There was no obligation on the part of the tenant to state what his reasons were for rejecting same, since the landlord had to first comply with the statute by offering him a lease on substantially the same terms and conditions.
3. There can be no question of waiver here, or estoppel on the part of the tenant from asserting any other cause of rejection, other than stated in that letter, since as a matter of law the tenant cannot waive any of the provisions of the Business Bent Law.
Having considered all of the legal questions involved, the only question remaining is one of fact, viz.: whether the proffered lease, or offer to enter into a lease was on substantially similar terms and conditions as the existing tenancy.
The tenant having been in possession under a lease which expired on September 30, 1949, continued in possession of the premises as a statutory tenant, the terms and condition of said lease being projected into the statutory tenancy. The question of whether the proffered lease was under substantially the same terms and conditions as the existing tenancy can only be resolved by an examination of the proffered lease and the lease which expired on September 30,1949, both of which are in evidence. A perusal of both leases will show, of course, that they are both Beal Estate Board forms of lease, one being an older form of lease (the 1944 lease being S 10-42) and the proffered lease being a more recent form of lease (being form S 1-53 of the Beal Estate Board).
Counsel for the tenant in his brief has set forth some 35 differences in the language and in the requirements between the old lease and the proffered lease. I find from an examination of both leases that all of these differences actually exist, except Nos. 35 and 35-a, as set forth in counsel’s brief, which apply to adjacent excavations and obstruction of halls.
Whether these differences in terms and conditions are substantial or not is the question to be determined by this court. *780 My examination reveals some of the differences to be trivial and that some are substantial. There are some terms and conditions in the new lease which enlarge upon the obligation of the tenant and put a greater onus upon him than under the terms and conditions of the prior lease.
I find the following substantial differences in the two leases. Paragraph 3, as to alterations under the proposed lease, adds another obligation to the tenant in that the alterations, additions or improvements made by the tenant shall be removed by him at the landlord’s election “ at tenant’s sole expense.”
Paragraph 6 of the proposed lease imposes a greater obligation on the tenant in that it shall comply with all laws, orders, etc., at its sole expense.
Paragraph 8 of the proposed lease shows a substantial difference in that the liability of the landlord is lessened as compared with the 1944 lease, in regard to damage to property of others; in reference to damage occurring from fire, explosion, etc.; and enlarges the liability of the tenant with regard to the indemnification of the landlord by the tenant. Further, it does away with the liability of the landlord for any damage the tenant may sustain by reason of the temporary or permanent closing or bricking up of any of the windows of the demised premises, whether through the landlord’s own acts or otherwise.
Paragraph 15 of the proposed lease enlarges the tenant’s obligation with regard to the certificate of occupancy in that any alterations, additions, including sprinkler systems, which may be needed to comply with the certificate of occupancy shall be made by the tenant at the tenant’s sole expense.
Paragraph 18 of the proposed lease, where the failure or refusal of the landlord to relet the premises shall not release or affect the tenant’s liability for damages, of course, lessens the liability of the landlord.
Paragraph 25 of the proposed lease with regard to waiver of trial by jury broadens the waiver which existed under the prior lease, so that it applies to the relationship of landlord and tenant and any emergency or statutory remedy.
Paragraph 26 of the proposed lease applying to the inability of the landlord to perform is broadened in relation to the 1944 lease.
Paragraph 30 of the proposed lease deletes the requirement for sufficient heat to warm the demised premises as provided by the Sanitary Code of the City of New York when the weather requires it, as provided in the 1944 lease.
Under the definitions under paragraph 33 of the new lease it includes that which was omitted from the old lease, viz.: ‘ ‘ The *781 term business days as used in this lease shall exclude Sundays and Saturdays and all days observed by the State and Government as legal holidays. ’ ’
Those are the changes in terms and conditions which I consider substantial and, hence, since the proffered lease in respect of these terms and conditions is substantially different from the terms and conditions of the existing tenancy the landlord has failed to come within the requirements of this section of the Business Rent Law permitting eviction.
The court grants a final order to the tenant dismissing the petition.