Arthur E. De Phillips, J.
The landlord brings this proceeding to dispossess the tenant, pursuant to section 2 of chapter 735 of the Laws of 1956, adding subdivision (gg) of section 8 of the Business Bent Law (L. 1945, ch. 314, as amd.), on the grounds that he has complied with said section, in that after June 1, 1956 he had offered to enter into a lease with the tenant for possession of store premises herein at a rental in the same amount as the emergency rent with respect to the store premises occupied by the tenant, and otherwise on substantially similar terms and conditions as existed with respect to such tenancy; that pursuant to such section, the parties did enter into a lease for a term commencing August 1, 1956 and ending June 30, 1958. At the expiration of said lease the landlord gave notice to vacate and surrender the premises pursuant to said section providing for decontrol of the premises; where il The landlord on or after June first, nineteen hundred fiftyr *142 six, offers to enter into a lease with a tenant in possession * * * to expire on June thirtieth, nineteen hundred fifty-eight, at a rental in the same amount as the emergency rent with respect to the store occupied by the tenant and otherwise on substantially similar terms and conditions as existed with respect to such tenancy not inconsistent with any of the provisions of this act”.
There is no question in this proceeding that the landlord has fully complied with the provisions of the section with respect to the making of the lease, etc. The only questions involved in this proceeding being:
1. As to whether the proffered lease was a lease in the same amount as the emergency rent with respect to the store occupied by the tenant, and;
2. Whether the proffered lease was on substantially similar terms and conditions as existed with respect to such tenancy.
The facts are undisputed that the landlord and tenant entered into a three-year lease for a term commencing on May 1, 1943 and ending April 30, 1946 providing for rent in the sum of $35 per month; that the rent on the freeze date June 1, 1944, in fact, was $35 per month; that pursuant to subdivision 3 of section 4 of the Business Bent Law the landlord and tenant entered into a written agreement dated August 1, 1946, which agreement was made part of a three-year lease ending July 31, 1949 and fixing the reasonable rent at $45 per month from August 1, 1946 to July 31, 1947 and at $50 per month from August 1, 1947 to July 31, 1949. The agreement, of course, stating that the emergency rent for tenant’s said space was $40.25 per month. This agreement, of course, fixed a reasonable rent for that period, which was in excess of the emergency rent had there been no such agreement.
After the expiration of this lease on July 31, 1949, the tenant remained as a statutory tenant without a lease, paying rent in the amount of $50 per month until February 1, 1956, when the landlord demanded and received an additional 15% increase, without any lease; thus making the rent $57.50 per month. This $57.50 per month was the monthly rental provided for in the subsequent lease entered into between the parties for a term commencing August 1, 1956 and ending June 30, 1958.
From these facts I find that the proffered lease, which expired on June 30, 1958 contained a rental in excess of the emergency rent with respect to the store occupied by the tenant.
I find that the landlord was not entitled to demand and receive the additional 15% increase after February 1, 1956 and that *143 the rental at that time was $50 per month. (Charipo Realty Corp. v. Safeway Stores, 208 Misc. 569; 1201 Sixth Ave. Corp. v. Altor Grill & Restaurant, 284 App. Div. 455; Bakst v. Diaz, 101 N. Y. S. 2d 220.)
I further find that paragraph 26 of the proffered lease, which was entered into on June 20 for a term commencing on August 1, 1956 and ending on June 30, 1958, contained an additional provision, not contained in the previous lease, which lessened the liability of the landlord towards the tenant for certain eventualities contained therein, which provision I find to be a substantial difference in the terms and conditions of the tenancy under the new lease as compared with the existing tenancy.
The language used in the section under which the landlord seeks possession is clear and unambiguous; it requires that a lease be offered to the tenant on substantially similar terms and conditions and at the emergency rent for the said store occupied by the tenant. There is no reason for interpretation of this section of the statute, its provisions are clear, its requirements set forth. The statute must be read and given effect as written and not as the court or counsel might think it should or would have been written if the Legislature had foreseen the problems or complications which might arise in the course of its administration. (Lawrence Constr. Corp. v. State of New York, 293 N. Y. 634, 639; Matter of Hittl v. Buckhout, 13 Mise 2d 230.)
I find, therefore, that the landlord has failed to give the tenant a lease on substantially similar terms and conditions, and at the emergency rent for the premises, as required by the statute and, therefore, the landlord has failed to make out a case.
Final order for the tenant dismissing the petition.