Samuel A. Spiegel, J.
This is a summary proceeding for nonpayment of rent for a store for the months of October, November and December, 1962.
The tenant, who has vacated the premises, refuses to pay the rent for these months on the grounds that the ‘ ‘ landlord had forfeited ” her right to all rents by accepting rent in excess of the emergency rent and that the current lease calls for rent in excess of the proper emergency rental.
A lease dated February 2, 1956 was executed between this same landlord and tenant. It ran for a term of five years commencing March 1, 1956 and expired on February 28, 1961. The yearly rental reserved in said lease was $5,250 for the first year, $5,400 for the second year, $5,750 for the third year, $6,000 for the fourth year, and $6,250 for the fifth and last year of said lease. At the expiration of this lease the tenant stayed in possession and continued paying rent for the months of March, April, May and June, 1961. On June 1, 1961, a two-year lease was executed at a yearly rental of $6,250, commencing July 1, 1961, and terminating June 30, 1963. The issue narrows itself down to whether or not the rent reserved in the lease of June 1, 1961 is the lawful emergency rental or is unjust, unreasonable and oppressive.
All the statutes alluded to herein are part of the -Emergency Business Space Rent -Control Law (L. 1945, ch. 314, as amd.).
The landlord contends that the current lease of June, 1961, was offered pursuant to section 8 (subd. [gg], par. [1]) and *360 that all the terms and provisions of said section were observed by the landlord. Further, that the prior lease of 1956, with the graduated rental was executed in accordance with the provisions of -subdivision 3 of section 4 whereby the tenant and the landlord fixed a reasonable rent by written agreement. In addition, the landlord says that said written agreement, as well as the lease, also included the graduated rentals as the emergency rents to be paid for each of the succeeding years between 19-56 and 1961. Moreover, asserts the landlord, at the expiration of this lease, by continuing in possession, the tenant’s status changed to that of a statutory tenant and it paid the same rental as it had during the last year of the expired lease. Thus, concludes the landlord, this new lease of June 1,1961, which stipulates exactly the same amount of rental that the tenant was paying both during the last year of its expired lease and during its four-month statutory tenure, contains the lawful emergency rent.
The tenant, on the other hand, inter alia, contends that this lease does not comply with section 8 (subd. [gg], par. [1]) because the rent specified in the lease exceeds the emergency rent and also that the other terms and conditions in said lease are not1 ‘ on substantially -similar terms and conditions as existing with respect to such tenancy ” (i.e., no graduated lease nor a five-year term). Moreover, tenant contends .that the landlord did not prove written authority to its agent to enter into said lease for more than one year. In conclusion, the tenant advances the argument that the landlord has failed to prove the material allegations alleged in its petition. Tenant, however, concedes that the rent for the months of November and December, 1962 has not been paid.
After a thorough analysis of the various sections of the Emergency Business .Space Bent -Control Law applicable to the case at bar and the numerous cases which involve the same principles of law, the court finds that the landlord has complied with subdivisions 3 and 6 of section 4 in the execution of the lease of 1956, and with section 8 (subd. [gg], par. [1]) in the execution of the lease of 1961. The emergency rental was properly and lawfully established by execution of the lease and the required written agreement of February, 1956. Thereafter, the status of the tenant changed to a statutory tenant at the expiration .of said lease, and as such, from March 1, 1961 to June 30, 1961, it paid the same rental as during the entire last year of the expired graduated rental lease.
The fact that the expired 1956 lease provided for graduated rentals for a term -of five years does not require the landlord to offer the tenant another graduated lease for the same term in *361 order to comply with section 8 (subd. [gg], par. [1]). That statute requires that the landlord offer to enter into a lease with the tenant for a term of at least two years £i at a rental in the same amount as the emergency rent * * * and otherwise on substantially similar terms and conditions as existing with respect to such tenancy ” (50 Broad St. v. Knobloch, 13 Misc 2d 458; cf. Steiner v. Laskin, 17 Misc 2d 141). The fact that such a lease was offered for a two-year term at no increase in rent over and above the rent paid for the last year of the previous lease, or for the four months of the statutory period, is clearly sufficient compliance within the contemplation of this statute.
The tenant advances the argument that the landlord’s demand for water charges fixes a rental beyond the emergency rent. The landlord withdrew the claim for water charges at the trial and accordingly this is of no moment in the case at bar. The tenant argues that section 13, referring to graduated leases, applies to the case at bar. The court cannot agree with the tenant’s contentions since said section is limited only to leases £ ‘ in force since on or before June first, nineteen hundred forty-four ”. The lease under attack herein was executed long after that date.
Contrary to the claim of the tenant, the landlord proved she was the owner. Moreover, the record contains testimony substantiating the material allegations of the landlord’s petition in contradiction to the tenant’s assertions to the contrary.
The question raised by tenant as to the agency in writing can be disposed of on the ground that the landlord ratified the act of her agent. She accepted and approved the 1961 lease executed between her agent and the tenant. The tenant’s contention that said lease of 1961 falls within the purview of the Statute of Frauds (Real Property Law, § 259) on the ground that the landlord’s agent was not authorized by a writing to enter into this lease with it is utterly without merit. The lease is signed by the tenant who is the party sought to be charged in this regard. This is sufficient compliance with the statute. The lease contained all the essential elements of a contract and the agent signed for a disclosed principal, the landlord herein.
In conclusion, the court finds that subdivision (gg) of section 8 has been complied with by the landlord; that the terms and conditions of the emergency rent law were met by the landlord in the preparation and execution of the lease of 1956; that the rental being paid by the tenant is the lawful emergency rent. Accordingly, final order and judgment is rendered for the landlord for the unpaid rents of November and December, 1962 in the amount of $1,041.66. Five days’ stay.